■ In the Matter of the Trust Made by ERLAND A. JENSEN and Another. THOMAS E. JENSEN, Appellant, et al., Petitioner; ANNE M. JENSEN, Individually and as Trustee of the Trust Made by ERLAND A. JENSEN et al., Respondent. [967 NYS2d 495]—

Rose, J.P. Appeal from an order of the Supreme Court (LaBuda, J.), entered February 7, 2012 in Sullivan County, which, in a proceeding pursuant to CPLR article 77, granted respondent's motion for judicial approval of the sale of certain trust property.

The parties are siblings and cobeneficiaries of the Jensen Revocable Trust, which was created by their now deceased parents. Respondent is the successor trustee and, in 2005, petitioner Thomas E. Jensen (hereinafter petitioner) and petitioner Ellen E. Blasi commenced this proceeding seeking an accounting and distribution of the trust assets. In 2011, respondent moved for court approval of the proposed sale of a single family residence, the only substantial asset remaining in the trust, to herself and Blasi. Petitioner consented to the sale at $164,000, but requested that respondent and Blasi be required to pay the full price to be held in the trust pending the outcome of the accounting and his request for a surcharge based on respondent's alleged wasting of trust assets. Supreme Court approved the sale at $164,000, but credited respondent and Blasi for their shares and directed that only $54,666.66, representing petitioner's share, be deposited in the trust.

Petitioner appeals, arguing that Supreme Court erred by failing to require respondent and Blasi to deposit the full purchase price. Petitioner offers no authority for his request, but claims that it is required in order to preserve funds in the event that a surcharge is imposed against respondent. We cannot agree. Any surcharge would be assessed against respondent personally (*see* 2 Harris, New York Estates: Probate, Administration and Litigation § 28:159 at 812 [6th ed 2013]; *see generally Matter of Samuel A. Garrasi and Mary H. Garrasi Family Trust*, 104 AD3d 990 [2013]; *Matter of Saxton*, 274 AD2d 110, 118 [2000]), and petitioner has not even alluded to anything that respondent has done to frustrate the enforcement of any eventual judgment that might be entered upon such a surcharge. Accordingly, we find no basis to disturb Supreme Court's exercise of discretion.

Stein, Spain and McCarthy, JJ., concur. Ordered that the order is affirmed, without costs.